**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT W. TAYLOR, d/b/a : | |
| TAYLOR'S TRADING POST : | |
| : | Civil No. 1:12-CV-138 |
| **Petitioner** : | |
| : | (Judge Jones) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| ALPHONSO HUGHES, : | |
| Director of Industry Operations, : | |
| Bureau of Alcohol, Tobacco, : | |
| Firearms and Explosives, : | |
| : | |
| **Respondent** : | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Scott Taylor, who does business as Taylor's Trading Post in Adams County, Pennsylvania, brought this action to challenge the Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF") revocation of his license to sell firearms pursuant to the Gun Control Act, 18 U.S.C. §§ 921-931, after finding that Taylor had willfully committed over 10,000 violations of the Act over several years. ATF has moved for summary judgment on Plaintiff's claims, and seeks entry of an order upholding the revocation decision.

In response, the Petitioner has moved pursuant to Rule 56(d) of the Federal Rules of Civil Procedure for an extension of time to conduct discovery that he has

propounded upon the Respondent, apparently in an effort principally to learn about ATF's internal policies, procedures, and documents in the agency's possession regarding this and other unrelated investigations and revocation decisions. Respondent has opposed the motion, arguing that it is overly burdensome and irrelevant to the legal issues before the Court. Specifically, Respondent argues that Petitioner's proposed discovery is an improper effort to discover information that has no bearing on the actual issue before the Court in this action, namely, whether Petitioner violated the GCA, and whether he did so willfully.

Upon consideration, although we agree with Petitioner that in some cases discovery may be warranted in actions challenging firearms license revocations, we do not agree that the discovery Petitioner seeks in this case is necessary or appropriate given the issues presented. We also do not find that Petitioner has accurately defined the scope of the Court's inquiry in these proceedings, and has based his discovery request in part upon legally inaccurate assertions regarding the legal standards governing our review of ATF's decision. Accordingly, for the reasons that follow, the motion will be denied and the parties will be directed to complete briefing on Respondent's pending summary judgment motion, which has been held in abeyance pending resolution of Petitioner's Rule 56(d) motion.

## II. BACKGROUND

On September 14, 2011, following inspections of Petitioner's business premises and records over a period of approximately 10 months, ATF investigators found that Petitioner had committed more than 10,000 violations of the Gun Control Act of 1968 (GCA), 18 U.S.C. §§ 921-931, and its regulations, 27 C.F.R. §§ 478.121 - 478.134, largely through repeated and longstanding failures to keep required records regarding acquisitions and dispositions of firearms over multiple years. This investigation also revealed that Taylor was in possession of a firearm with an obliterated serial number, which is unlawful. (R. 42-47.)

As a result of these findings of violations of the GCA, ATF issued a Notice of Revocation of License to Taylor on February 9, 2011. (R. 172-74.) The Notice alleged that Taylor willfully violated the GCA and related regulations, and as a result Taylor's license to sell firearms was to be revoked on a date to be determined. (Id.) Taylor requested a hearing on the Notice, and the revocation was stayed. On August 31, 2011, ATF held a hearing to consider the revocation. At that hearing, Taylor was represented by counsel, and provided the opportunity to present evidence and cross-examine government witnesses. (R. 28-171) (hearing transcript.)

Following these proceedings, on November 21, 2011, Respondent issued a Final Notice of Revocation to Taylor. (R. 15-27.) In that Final Notice, Respondent

concluded that the ATF inspection established that Taylor had willfully violated the GCA, and his FFL was revoked accordingly. (Id.) Taylor requested that the effective date of the FFL revocation be stayed pending review by a federal district court. Respondent granted this request, and on January 24, 2012, Taylor commenced the instant action, seeking *de novo* judicial review of ATF's revocation of his federal firearms license pursuant to 18 U.S.C. § 923(f)(3). (Doc. 1.)

Respondent answered the petition for review on March 23, 2012, (Doc. 9.), and thereafter on March 30, 2012, moved for summary judgment. (Doc. 14.) Rather than respond substantively to the motion for summary judgment, on April 13, 2012, Petitioner filed the motion that is presently before the Court, through which Petitioner seeks an enlargement of time to complete discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, on the grounds that such discovery is necessary for Petitioner to fully and fairly challenge ATF's revocation decision in these proceedings. (Docs. 33, 34.)

In response to this motion, the Court stayed briefing on Respondent's summary judgment motion pending the resolution of Taylor's discovery motion. (Doc. 32.) Respondent filed a brief opposing the discovery motion on April 30, 2012, (Doc. 35.), and Taylor filed a reply brief in further support of his motion on May 14, 2012. (Doc. 37.) Petitioner's motion for an enlargement of time to conduct additional discovery

in aid of his efforts to overturn ATF's revocation of his FFL is now fully briefed and is ripe for disposition.

## III. DISCUSSION

### A. Summary Judgment and Motions for Discovery Pursuant to Rule 56(d)

Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). For purposes of Rule 56, a fact is material if proof of its existence of nonexistence might affect the outcome of the suit under the applicable substantive law. Haybarger v. Laurence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. (quoting Anderson, 477 U.S. at 248-49).

In appropriate instances, in response to a motion for summary judgment, the nonmoving party may file a motion pursuant to Rule 56(d), which provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.**
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In the declaration accompanying a motion filed pursuant to Rule 56(d), the moving party must specify: "(1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." Speth v. Goode, No. 95-0264, 2012 WL 3277105, at *7 (D.N.J. Aug. 9, 2012) (citing Pa. Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (further citations omitted); see also St. Surin v. Virgin Islands Daily News, 21 F.3d 1309, 1313 (3d Cir. 1994).

If the party opposing summary judgment files an affidavit addressing these requirements, the Third Circuit has held that a continuance for purposes of allowing discovery should be liberally granted. See Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) ("If discovery is incomplete in any way material to a pending

summary judgment motion, a district court is justified in not granting [summary judgment].").  However, a court may decline to delay ruling on a motion for summary judgment, or may otherwise deny a Rule 56(d) motion, where the additional discovery being sought by the nonmoving party would not preclude summary judgment. Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988).  This is because in order for a motion under Rule 56(d) to prevail, the movant must show as a threshold matter (1) what particular information is being sought and (2) how, if uncovered, the information would preclude summary judgment.  Pa. Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012).  It necessarily follows that where the information sought would not preclude summary judgment, or would not be relevant to the Court's inquiry, the motion for discovery under Rule 56(d) may be denied.  Dowling, 855 F.2d at 140.

### B. Firearms License Revocations Under the GCA

With these procedural standards in mind, we turn to the relevant legal guidelines governing actions brought to challenge revocations of federal firearms licenses.

Under 18 U.S.C. § 923(d)(1), a federal firearms license is required for anyone "engage[d] in the business of importing, manufacturing, or dealing in firearms."  A licensed firearms dealer must maintain accurate and detailed "records of importation,

production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe." 18 U.S.C. § 923(g)(1)(A).

Under § 923(e) of the GCA, "the Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter." 18 U.S.C. § 923(e). Courts have held that because the statute empowers the Attorney General to revoke a Federal Firearms License upon the fining of a willful violation of "any" provision of the GCA, a single violation of the GCA, or its rule and regulations, is sufficient to revoke a firearms license. The General Store, Inc. v. Van Loan, 560 F.3d 920, 924 (9th Cir. 2009); Armalite, Inc. v. Lambert, 544 F.3d 644, 647 (6th Cir. 2008).

### C.   Judicial Review of GCA Revocation Decisions

A licensee may challenge an ATF revocation by filing a petition for review with the appropriate federal district court. 18 U.S.C. § 923(f)(3). The GCA provides that review of a revocation decision is *de novo*. Id.; see also Shawano Gun & Loan, LLC v. Hughes, 650 F.3d 1070, 1076 (7th Cir. 2011). The relevant statutory

provision provides for the process to be filed in an action challenging ATF's revocation of a federal firearms license:

> If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

18 U.S.C. § 923(f)(3). Thus, "[a] federal court reviewing such a revocation may grant summary judgment 'if no genuine issue of material fact exists about whether [the licensee] willfully violated an applicable statutory or regulatory provision.'" American Arms International v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009) (quoting Armalite, Inc. v. Lambert, 544 F.3d 644, 647 (6th Cir. 2008)).

The Seventh Circuit Court of Appeals has explained the district court's wide discretion in determining what evidence to consider in a proceeding challenging the revocation of the federal firearms license:

9

> In a proceeding brought under § 923(f)(3), the district court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the administrative hearing. The district court is afforded discretion to receive evidence additional to that contained in the administrative record "when some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review."

Shawano Gun & Loan, LLC, 650 F.3d at 1076 (quoting Stein's Inc. v. Blumenthal, 649 F.2d 463, 466 (7th Cir. 1980)); see also 18 U.S.C. § 923(f)(3) (district court "may" consider any evidence submitted by the parties, but statute does not require court to do so). Additionally, "[u]nder the de novo standard of review for a decision of the ATF, the district court may give the agency's finding and decision such weight as it believes they deserve, but need not accord any particular deference to those findings." Gilbert v. Bangs, 813 F. Supp. 2d 669, 672-73 (D. Md. 2011) (internal quotation marks omitted). Stated differently, the decision under review "is not necessarily clothed with any presumption of correctness or other advantage." Stein's, 649 F.2d at 466-67. Although the court's review is *de novo*, "the statute makes it clear that the focus of that review is narrow: whether the Attorney General was 'authorized' to revoke the license." Suydam v. ATF, 847 F. Supp. 2d 146, 156 (D. Me. 2012).

As this permissive standard suggests, in actions brought pursuant to 18 U.S.C. § 923(f)(3), district courts are not obligated to hold evidentiary hearings, or even to consider evidence in addition to that presented during the administrative proceedings. See Shawano Gun & Loan, LLC, 650 F.3d at 1076 (quoting Stein's Inc. v. Blumenthal, 649 F.2d 463, 466 (7th Cir. 1980) (good reason to hold evidentiary hearing must appear in the record); Cucchiara v. Secretary of the Treasury, 652 F.2d 28, 30, n.1 (9th Cir. 1981) (district court did not abuse its discretion in ruling without conducting an evidentiary hearing, where the court found no substantial basis to receive additional evidence); Perri v. Dep't of Treasury, 637 F.2d 1332, 1335 (9th Cir. 1981); Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco & Firearms, 348 F. Supp. 2d 1299, 1306 (S.D. Ala. 2004) ("Nonetheless, that the Gun Control Act provides for de novo review of administrative decisions is not to vest a firearm dealer with an absolute right to an evidentiary hearing in appealing from an adverse ATF decision. Case law is to the contrary."). Another district court has characterized motions for summary judgment brought in actions challenging license revocations as follows:

> As recognized in Stein's v. Blumenthal, under the traditional summary judgment standard, "technically fact finding is inappropriate and all reasonable inferences must be draw in favor of the party opposing the motion." 649 F.2d 463, 468 n. 7 (7th Cir.1980). In contrast, § 923(f)(3)

> authorizes the district court to hear any evidence it wishes and make findings of fact, even without the benefit of conducting an evidentiary hearing. Id. at 466 ("The ultimate decision as to the law and the facts remains with the trial judge."). Thus, while the Court's decision may be "summary" in nature as a matter of form, procedurally the Court may issue a decision even if material issues of fact exist, based upon its evaluation of the record and any additional evidence it has received.

Pinion Enterprises, Inc. v. Ashcroft, 371 F. Supp. 2d 1311, 1314 n.6 (N.D. Ala. 2005).

Accordingly, in conducting a *de novo* review of an ATF revocation decision, in order to uphold the ATF decision a district court must be satisfied that ATF appropriately found that (1) the licensee violated one or more provisions of the GCA, and (2) the licensee willfully committed the violation. 27 C.F.R. § 478.73 ("[W]henever the Director has reason to believe that a licensee has willfully violated any provision of the Act or this part, a notice of revocation of the license, ATF Form 4500, may be issued."); see also Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, and Firearms, 415 F.3d 1274, 1276 (11th Cir. 2005); 18 U.S.C. § 923(f)(3).

### D. **Plaintiff's Rule 56(d) Motion Fails Because the Discovery He Seeks Leave to Take is Not Relevant to the Legal Issues Presented in this Action**

In addition to the two undisputed elements that must be found to uphold a revocation of a federal firearms license – violations of the GCA or its regulations, committed wilfully – Petitioner argues that there is a third issue that the Court must

consider if it ultimately finds that Petitioner willfully violated any provision of the GCA: "whether ATF's controlling internal policies permit his revocation – that is, was ATF authorized to revoke Taylor's FFL." (Doc. 34, at 6.)

Petitioner bases his motion for an extension of time to take discovery in substantial part upon this assertion that ATF's internal policies are somehow relevant to the Court's *de novo* review of ATF's revocation decision in this case.[1] However, although Petitioner offers statutory and caselaw citations purportedly in support of this assertion regarding the applicable standard of review, (Doc. 34, at 6.), examination of this authority reveals that it does not stand for the legal proposition offered. Indeed, this Court's own research has uncovered no caselaw, statute, or regulation that suggests in any way that ATF's internal policies have any relevance to the question of whether ATF was entitled to revoke a federal firearms license upon findings of willful violations of the GCA. Instead, federal courts have clearly and

---

[1] Among his various discovery requests propounded upon ATF, Petitioner seeks discovery of "files related to every FFL holder from January 1, 2008, through the present whose license has been revoked by ATF," "files related to every FFL holder from January 1, 2008, through the present who has been inspected and found to have violated the Gun Control Act in any manner within the past five years, but whose license was ultimately not revoked," and "files related to every petition for judicial review by FFL holders from January 1, 2008, through the present that has been brought pursuant to 18 U.S.C. § 923(f)(3) of the Gun Control Act." (Doc. 34-2, at 6-7 (Petitioner's First Set of Discovery Requests, at 9-10).)

consistently held that in reviewing ATF's revocation decision, the Court is to consider evidence from the parties, and to determine (1) whether the licensee violated a provision of the GCA and, if so, (2) whether the licensee willfully committed the violation. See, e.g., Borchardt Rifle Corp. v. Cook, 684 F.3d 1037, 1040 (11th Cir. 2012); American Arms International v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009); Armalite, Inc., 544 F.3d at 647; Stein's, Inc., 649 F.2d at 466-67.

Respondent has also brought to the Court's attention that this is not the first time that Petitioner's counsel, together with a former ATF employee, James Zammillo, have attempted to challenge ATF's alleged failure to follow its internal policies and procedures as a basis for appealing a revocation of a federal firearms license. See Weaver v. Harris, __ F. Supp. 2d __, 2012 WL 848054 (S.D. Miss. Mar. 12, 2012). In that case, the district court flatly rejected this argument, and concluded that:

> Zammillo states the ATF violated its own policies and procedures by revoking Weaver's license in this way. Nevertheless, there appears to be no legal reason why the ATF is limited in its ability to initiate revocation proceedings in the face of a violation. The pertinent regulation provides that "[w]henever the Director has reason to believe that a licensee has willfully violated any provision of the Act or this part, a notice of revocation of the license, ATF Form 4500, may be issued." 27 C.F.R. § 478.73. Because the Court's review is limited to whether the ATF's actions were "authorized", the evidence

> regarding how another official would have exercised the
> ATF's discretion under these circumstances is not helpful.

Id. at *4.[2] In the absence of any persuasive authority to the contrary, we agree with the district court in Weaver that the discovery that Plaintiff seeks to take from ATF regarding internal policies and decisions made in other cases involving violations of the Gun Control Act is simply not germane to the issues presented in this proceeding. Accordingly, we find no merit to Plaintiff's motion that he should be permitted leave to take additional discovery of, *inter alia*, ATF's internal policies and procedures, past instances of violations, and other revocation decisions made over the past several years.[3]

---

[2] In Weaver, the petitioner had also filed a Rule 56(d) motion seeking discovery, and relied upon arguments similar to those made to the Court in this case. The Weaver court denied that motion, having found the petitioner's inquiries regarding internal policies and procedures to be "completely unrelated to the issue of Weaver's willfulness" and therefore "any such discovery would not be reasonably calculated to lead to the discovery of admissible evidence as required by Fed. R. Civ. P. 26(b)(1)." (Doc. 35, Ex. 2) (Weaver v. Harris, No. 1:10cv574 (S.D. Miss. Sept. 12, 2011) (slip op. at 4).)

[3] In his moving papers, Petitioner suggests that the Supreme Court's decisions in INS v. Yang, 519 U.S. 26, 32 (1995) and Morton v. Ruiz, 415 U.S. 199, 235 (1974), provide support for his view that ATF's internal policies and procedures should be subject to discovery in these proceedings brought pursuant to 18 U.S.C. § 923(f)(3). Specifically, Petitioner focuses on language in Yang where the Supreme Court stated that if "[INS] announces and follows – by rule or by settled course of adjudication – a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as

Although his brief seems to focus chiefly on the third element that he attempted to graft onto the Court's review of the revocation decision pursuant to 18 U.S.C. § 923(f)(3), Petitioner also makes assorted other arguments in his motion that we likewise do not find persuasive. First, Petitioner indicates that he intends to challenge the ATF's finding of willfulness, and represents that he "intends to present evidence in support of such a conclusion, but it necessarily includes information that is solely in ATF's possession that ATF refuses to provide unless compelled to do so by this

---

'arbitrary, capricious, [or] an abuse of discretion' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." 519 U.S. at 32. The Court made this observation immediately prior to finding that "the INS has not, however, disregarded its general policy here . . . ." Id.

Although Petitioner faults Respondent for not squarely addressing Yang, we disagree that Yang is even relevant in this context. Even assuming arguendo that the Supreme Court's observation in Yang constitutes a holding and not dicta, our research has found no case that has applied Yang in the manner that Petitioner suggests. Indeed, federal courts considering similar arguments have found that the revocation decisions conducted pursuant to the GCA are not subject to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See, e.g., Shaffer v. Holder, No. 1:09-0030, 2010 WL 1408829, at *14 (M.D. Tenn. Mar. 30, 2010) (APA does not apply to GCA revocation proceedings); Arwady Hand Truck Sales, Inc. v. Vander Werf, 507 F. Supp. 2d 754, __ (S.D. Tex. 2007) (same). We find these decisions persuasive, and we thus disagree that the Supreme Court's observation in the factually and legally distinct context presented in Yang has any relevance to the issues before the Court. Again, those issues are straightforward, and require that we conduct a *de novo* review of ATF's revocation decision, in order to determine whether Petitioner willfully violated one or more provisions of the Gun Control Act or its regulations. We are not charged with examining the internal operating procedures of the ATF as part of this undertaking.

Court." (Doc. 34. at 10.) But aside from arguments regarding ATF's internal policies and procedures, Petitioner's brief is silent on what information in ATF's possession has relevance to the issue of whether his violations were willful, and why such information is not equally available to him.[4]

In short, we find Petitioner's assertions regarding the relevance of ATF's internal policies and procedures to be unpersuasive and without compelling legal support. We also do not find that Taylor has adequately explained how the discovery he wishes to seek is relevant to the issues before the Court in these proceedings, or how he has been frustrated in obtaining the information he would present in support of his claims in this litigation. Accordingly, we do find that Taylor has not sustained his burden under Rule 56(d), and his motion will be denied. The Court will set a final briefing schedule on the pending motion for summary judgment, and after the briefing

---

[4] We note that our decision to deny Petitioner's Rule 56(d) motion does not necessarily mean that the Court has determined not to receive any additional evidence that Petitioner may wish to submit bearing upon the relevant question of whether his apparently acknowledged violations of the Gun Control Act were "willful". The Court will make a determination about whether to hold an evidentiary hearing, and whether to invite additional evidence at such a hearing, after Respondent's motion for summary judgment is fully briefed.

has closed the Court will determine whether to convene an evidentiary hearing and entertain argument in this matter.[5]

## IV. ORDER

Accordingly, upon due consideration, and for the reasons set forth above, IT IS HEREBY ORDERED THAT Petitioner's motion for an extension of time to complete discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (Doc. 33.) is DENIED.

IT IS FURTHER ORDERED THAT the stay imposed by this Court's prior order (Doc. 32.) is LIFTED.

IT IS FURTHER ORDERED THAT the following briefing schedule shall apply to Respondent's motion for summary judgment:

1. Petitioner shall file a brief in opposition to the motion, together with a counterstatement of material facts pursuant to Local Rule 56.1, on or before **Monday, October 8, 2012**.

---

[5] We encourage Petitioner to explain in his briefs what additional evidence he would have the Court consider in support of his contention that his violations of the GCA were not willful, and explain the relevance of the evidence he would submit.

2. Respondent shall be permitted to file a reply brief in further support of its motion for summary judgment within 14 days of the date on which Petitioner's opposition brief is filed.

3. All briefs must comport with the requirements prescribed by Local Rule 7.8.

4. No additional briefing other than that provided for in this order shall be permitted without leave of court.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: September 20, 2012