IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT W. TAYLOR d/b/a | : | 1:12-cv-138 |
| TAYLOR'S TRADING POST, | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ALPHONSO HUGHES, Director of | : | |
| Industry Operations, Bureau of | : | |
| Alcohol, Tobacco, Firearms and | : | |
| Explosives, | : | |
| Respondent. | : | |

## MEMORANDUM

### February 27, 2013

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 57), filed on December 27, 2012, which recommends that we grant Respondent's Motion for Summary Judgment (Doc. 14) and deny Petitioner's cross- Motion for Summary Judgment. (Doc. 44). After being granted an extension of time to do so, Petitioner Scott W. Taylor d/b/a Taylor's Trading Post ("Petitioner" or "Taylor") filed objections to the R&R. (Docs. 62, 63). The objections have now been fully briefed by the parties (Docs. 64, 65) and the matter is thus fully ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety, enter judgment in favor of the Respondent, and close this case.

1

**I.  BACKGROUND**

The factual and procedural underpinnings of this matter are undisputed and well-known to both the parties and the Court, thus we shall not endeavor to recite the same herein, but shall refer the reader to pages 1 to 13 of the Magistrate Judge's R&R for a full exposition. In summary, by way of this action, Petitioner seeks a *de novo* review of the revocation of his Federal Firearms License ("FFL") by the Respondent, the Director of Industry Operations ("DOI") of the Bureau of Alcohol, Tobacco, Firearms and Explosives, after a finding that Petitioner had committed violations of the Gun Control Act, 18 U.S.C. §§ 921-923, as well as receiving and possessing a firearm with an obliterated serial number.  Taylor, who had held a FFL since 1973 and operated a firearm shop out of the basement of his home in Adams County, Pennsylvania, admits that he failed to maintain A&D[1] books from December 30, 2006 forward and that he had received a firearm with an obliterated serial number, albeit an inoperable firearm.  Taylor credits his failure to maintain A&D books to his own poor health due to undiagnosed diabetes, the loss of a co-worker, as well as a computer system crash.  A full compliance inspection led by ATF industry operations investigator Karin Blevins, during which

---

[1] "A&D" books stands for Acquisition and Disposition books and are essentially ledgers that, if kept properly, track of all firearms that pass through a firearms shop.

investigators inventoried 3,732 guns in Taylor's shop, culminated in a finding that Petitioner had committed more than 10,000 violations of the Gun Control Act and its regulations. As a result of these findings, the ATF issued a Notice of Revocation of License on February 9, 2011. A hearing was held on August 31, 2011, during which Taylor conceded that he committed the violations charged but disputed that he committed the violations "willfully," thus arguing he lacked the necessary *mens rea* for revocation of his FFL. Following these proceedings, on November 21, 2011, the Respondent issued a Final Notice of Revocation to Taylor, which was stayed pending the instant review in federal district court.

On January 24, 2012, Taylor filed the instant action, seeking *de novo* judicial review of the ATF's revocation of his FFL pursuant to 18 U.S.C. § 923(f)(3). (Doc. 1). Cross-motions for summary judgment were filed and referred to Magistrate Judge Carlson for a R&R. On December 17, 2012, the Magistrate Judge held oral argument on the motions, and thereafter issued the instant R&R. As noted above, Petitioner has filed objections to the R&R, which have been fully briefed by the parties. Accordingly, this matter is ripe for our disposition.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Report

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

**B.    Review of FLL Revocation**

A licensee may challenge an ATF revocation of a FFL by filing a petition for review with the appropriate federal district court. 18 U.S.C. § 923(f)(3). The Gun Control Act provides that review of a revocation decision is *de novo*. *Id.* In reviewing such a matter, "the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [underlying] haring." *Id.* A "federal court reviewing such a revocation may grant summary judgment 'if no genuine issue of material fact exists about whether [the licensee] willfully violated an applicable statutory or regulatory provision.'"

4

*American Arms International v. Herbert*, 563 F. 3d 78, 82 (4th Cir. 2009)(quoting *Armalite, Inc. v. Lambert*, 544 F. 3d 644, 647 (6th Cir. 2008)).  Thus, in order to uphold the ATF decision, a district court must be satisfied that the ATF appropriately found that (1) the licensee violated one or more provisions of the Gun Control Act, and (2) the licensee willfully committed that violation.  *See* 27 C.F.R. § 478.73 ("[W]henever the Director has reason to believe that a licensee has willfully violated any provision of the Act or this part, a notice of revocation of the license, ATF Form 4500, may be issued."); *see also*, *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco and Firearms*, 415 F. 3d 1274, 1276 (11th Cir. 2005); 18 U.S.C. § 923(f)(3).

### III. DISCUSSION

As noted in Magistrate Judge Carlson's R&R, the parties agree that there are no disputed material facts in this case.  What the Petitioner seeks is for the Court to conduct a *de novo* review of the evidence already compiled in this case in order to make an independent assessment of whether the submitted violations identified during the ATF inspection were, in fact, committed by Taylor willfully.  Magistrate Judge Carlson, after undertaking a careful and thorough review of the record and hearing oral argument thereon, concludes that the violations were

willful. For the reasons that follow, we agree with the Magistrate Judge's conclusion and resulting recommendation.

As established by the cases set forth by the Magistrate Judge within his R&R (Doc. 57, pp. 20-21), federal courts are in near uniform agreement that a firearms dealer willfully violates the Gun Control Act when he knows of his legal obligation and either purposefully disregards it, or is otherwise plainly indifferent to the requirements prescribed by law. In the Third Circuit case of *Vineland Fireworks Co., v. ATF*, 544 F. 3d 509, 518-519 (3d Cir. 2008), which was a matter involving explosive licenses and substantially similar statutory language, the Third Circuit held that "in finding willfulness, there is no requirement of bad purpose." *Id*. at 518. In reviewing the decisions of other federal courts, the Third Circuit noted that these courts "never permitted a 'justifiable excuse' defense." *Id*.

Unfortunately for Taylor, a justifiable excuse defense is exactly what he attempts to rely upon here. The Court recognizes, as did the Magistrate Judge, that Taylor was afflicted by health issues and was generally overwhelmed by the size of his business, which had started as a very small shop but had grown to the point where Taylor was selling up to 1,000 firearms per year. However, Taylor's personal problems with business management do not release him from his statutory obligation to keep A&D books regarding all firearms sales, which he had faithfully

done up until 2006. Indeed, it was not until Taylor became subject to the ATF inspection, and it was discovered that he was in serious noncompliance with these legally mandated record keeping requirements, that he resumed maintaining this information once again.

As discussed at length by the Magistrate Judge, courts have held that willfulness may be found based on a licensee's knowledge of the legal requirements and repeated violations of those requirements. *See, e.g., Borchardt Rifle Corp. v. Cook*, 684 f. 3d 1037, 1043 (10th Cir. 2012); *On Target Sporting Goods, Inc. v. Attorney General*, 472 F. 3d 572, 575 (8th Cir. 2007). Further, it is clear that a licensee may be found to have willfully violated the Gun Control Act even if he has never previously been cited for violations. *See e.g., Nat'l Lending Group v. Mukasey*, 2008 WL 5329888, at *8 n. 13 (D. Az. Dec. 19, 2008)(no requirement that there have been prior warnings to establish willfulness); *Manuele v. Acting Director, ATF*, 2008 WL 2168734, at *5 (C.D. Ill. May 22, 2008); *Francis v. ATF*, 2006 WL 1047026, at *4 (E.D. Okla. Apr. 20, 2006). While it is true that this was the first compliance inspection ever conducted by the ATF upon Taylor, given the scope of the violations in this case, the duration of time in which Taylor failed to record any A&D information in his books, and his failure for years to take any steps prior to inspection to come into compliance demonstrates willful

7

violation. Further, it is undisputed that Taylor knowingly accepted a firearm with an obliterated serial number into his shop, even if it was inoperable and his intent was to break the gun down and utilize it for parts.

In conclusion, while we are cognizant and sympathetic that the loss of his FFL will have an irreversible effect on Taylor and his business, the record clearly reflects that Taylor willfully committed numerous violations of the Gun Control Act and his proffered reasons for his failures do not negate that they were willful failures. Further, Taylor's violations were not insignificant, because as a result, there are over a hundred firearms in commerce that are unaccounted for, jeopardizing the safety of our community. Accordingly, based on the foregoing analysis, we shall grant adopt the Magistrate Judge's recommendations in their entirety. An appropriate Order shall issue.